Humberto M. Guizar, Esq., (SBN 125769)
 *HGuizar@GHCLegal.com*
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101

Christian Contreras, Esq., (SBN 330269)
 *CC@Contreras-Law.com*
Edwin S. Salguero, Esq., (SBN 344820)
 *ES@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorneys for Plaintiffs,
ESTATE OF ANTHONY RAY LOPEZ SR., et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTHONY RAY LOPEZ SR., by and through his successors in interest, LORINA LOPEZ and ANTHONY RAY LOPEZ JR., LORINA LOPEZ and ANTHONY RAY LOPEZ JR., individually; ESTATE OF MADELINE VELASQUEZ, by and through her successors in interest, FRANCES VELASQUEZ and ALBERT VELASQUEZ, FRANCES VELASQUEZ and ALBERT VELASQUEZ, individually; ESTATE OF JOSEPHINE GUADALUPE DOMINGUEZ, by and through her successor in interest, LAURA BELTRAN, LAURA BELTRAN, individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF ONTARIO, a public entity; SAN BERNARDINO COUNTY, a public entity; STATE OF CALIFORNIA; DOE ONTARIO EMPLOYEES, individually; DOE SAN BERNARDINO EMPLOYEES, individually; DOE STATE EMPLOYEES, individually; and DOES 1-10, individually,<br><br>        Defendants. | **CASE NO.: 5:23-cv-2304**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  State Created Danger, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>2.  Interference with Parent/Child Relationship, Fourteenth Amendment Violation (42 U.S.C. § 1983);<br>3.  Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983);<br>4.  Negligence – Wrongful Death;<br>5.  Violation of California Civil Code §52.1 (Tom Bane Act)<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

3.      Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

4.      With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

**PARTIES**

5.      Plaintiffs LORINA LOPEZ and ANTHONY RAY LOPEZ JR., are and were, at all times relevant hereto, the natural children of decedent ANTHONY RAY LOPEZ SR., and at all times relevant hereto was a resident of the County of Los San Bernardino, California. Plaintiffs LORINA LOPEZ and ANTHONY RAY LOPEZ JR. bring these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiffs LORINA LOPEZ and ANTHONY RAY LOPEZ JR. also bring their claims individually and on behalf of decedent decedent ANTHONY RAY LOPEZ SR. on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiffs LORINA LOPEZ and ANTHONY RAY LOPEZ JR. also bring these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

6.      Plaintiffs FRANCES VELASQUEZ and ALBERT VELASQUEZ, were and was, at all times relevant hereto, the natural parents of decedent MADELINE

2

VELASQUEZ, and at all times relevant hereto was a resident of the County of San Bernardino, California. Plaintiffs FRANCES VELASQUEZ and ALBERT VELASQUEZ brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiffs FRANCES VELASQUEZ and ALBERT VELASQUEZ also brings her claims individually and on behalf of decedent MADELINE VELASQUEZ on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiffs FRANCES VELASQUEZ and ALBERT VELASQUEZ also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

7.     Plaintiff LAURA BELTRAN, is and was, at all times relevant hereto, the natural mother of decedent JOSEPHINE GUADALUPE DOMINGUEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California. Plaintiff LAURA BELTRAN brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiff LAURA BELTRAN also brings her claims individually and on behalf of decedent JOSEPHINE GUADALUPE DOMINGUEZ on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiff LAURA BELTRAN also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

8.     Defendant CITY OF ONTARIO (hereinafter also "CITY") is a public entity with the capacity to sue and be sued. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant CITY, is and was responsible for the operation of flood control system within the CITY OF ONTARIO. CITY owns and maintains approximately 137 miles of existing storm

**COMPLAINT FOR DAMAGES**

drain condcutis, culverts and channgels of various sizes and materials.

9. Defendant COUNTY OF SAN BERNARDINO (hereinafter also "COUNTY") is a public entity with the capacity to sue and be sued. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California. Defendant COUNTY, is and was responsible for the operation of flood control system within the COUNTY OF SAN BERNARDINO. The San Bernardino County Flood Control District (SBCFCD) manages the regional flood protection functions for San Bernardino County with authority granted via State legislation enacted in 1939.

10. At all times relevant to the facts alleged herein, Defendant STATE was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California. Upon information and belief, Defendant STATE OF CALIFORNIA (hereinafter "STATE") operates, manages, directs and controls storm drains along Caltrans' I-10 and SR-60 corridors including the SUBJECT STORM DRAIN.

11. Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES, and DOE STATE EMPLOYEES, at all times mentioned herein, were employees of CITY, COUNTY, and STATE, respectively, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES, and DOE STATE EMPLOYEES are being sued individually and in their capacaities of CITY, COUNTY, and STATE, respectively. At all relevant imes, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive, were acting under color of state law.

///

12.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

13.     The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOES 1 through 10 include employees of the public agencies names herein, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California.

14.     Each of the defendants, including the DOE defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

15.     Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

**COMPLAINT FOR DAMAGES**

herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' and decedent's constitutional rights and other harm.

16.     Plaintiffs are informed, believe, and thereupon allege that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

17.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

18.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     Defendant CITY owns and maintains approximately 137 miles of existing storm drain condcutis, culverts and channgels of various sizes and materials. Defendant COUNTY, through the San Bernardino County Flood Control District (SBCFCD), manages the regional flood protection functions for San Bernardino County with authority granted via State legislation enacted in 1939.  In addition to the city-owned storm drains there are the local state-owned storm drains along Caltrans' I-10 and SR-60 corridors. Upon information and belief, Defendant STATE owns the subject storm drain. All the city-owned and state-owned facilities drain to a number of regional backbone facilities owned and operated by San Bernardino County Flood Control District. Defendant has developed a very extensive system of facilities, including dams, conservation basins, channels, and storm drains. The purpose of these facilities is to intercept and convey flood flows through and away from the major developed areas of

**COMPLAINT FOR DAMAGES**

1   the COUNTY.

2       20.     The SUBJECT STORM DRAIN lies in the western portion of the Santa

3   Ana River's watershed, upstream of the Prado Flood Control Basin. It is in a 277

4   square-mile area referred to as Zone 1 by San Bernardino County Flood Control

5   District. Zone 1 generally slopes towards the south, encompassing the alluvial fan from

6   the San Gabriel Mountains to Santa Ana River. Four major regional channel systems

7   traverse Zone 1 in a north-south direction; they include San Antonio Channel,

8   Cucamonga Channel, Day Creek Channel and San Sevaine Channel.

9       21.     On November 8, 2022, Southern California, including San Bernardino

10  County, was experiencing a record breaking storm. The storm brough torrential rains

11  which struck San Bernardino County. The rain fall from the storm was record breaking

12  and caused flooding throughout San Bernardino County.

13      22.     On November 8, 2022 in the morning hours, decedents ANTHONY RAY

14  LOPEZ SR., MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE

15  DOMINGUEZ were in a flood control basin/storm drain on the 200 block of East 4th

16  Street (hereinafter the "SUBJECT STORM DRAIN"). ANTHONY RAY LOPEZ SR.,

17  and MADELINE VELASQUEZ lived in the SUBJECT STORM DRAIN.

18  JOSEPHINE GUADALUPE DOMINGUEZ was visiting the SUBJECT STORM

19  DRAIN  to help individuals experiencing homelessness.

20      23.     Before and on November 8, 2022, Defendants CITY, COUNTY, and

21  STATE were well aware that individuals, such as ANTHONY RAY LOPEZ SR.,

22  MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE DOMINGUEZ, were

23  living and frequenting the SUBJECT STORM DRAIN.

24      24.     Upon information and belief, despite having knowledge that individuals

25  were living and present at the SUBJECT STORM DRAIN and having knowledge that

26  the storm overwhelmed the storm drain system with water, Defendants DOE

27  ONTARIO EMPLOYEE, DOE SAN BERNARDINO EMPLOYEE and DOE STATE

28  EMPLOYEE and DOES 1-10, inclusive, took affirmative actions to permit heavy rains

**COMPLAINT FOR DAMAGES**

to enter Zone 1 and/or West Cucamonga Channel. Upon information and belief, the affirmative actions taken by Defendants DOE ONTARIO EMPLOYEE, DOE SAN BERNARDINO EMPLOYEE and DOE STATE EMPLOYEE and DOES 1-10, inclusive were to open flood gates or permit water to travel to the SUBJECT STORM DRAIN where ANTHONY RAY LOPEZ SR., MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE DOMINGUEZ were present.

25.     The maps below detail the flood control system which corresponds to the SUBJECT STORM DRAIN.



26.    The red arrow in the map below shows where the SUBJECT STORM DRAIN was located relative to the flood control system in West Cucamonga.



27.    The flood system permitted all Defendants to monitor and control the flow of water through the flood control system. Defendants were aware that ANTHONY RAY LOPEZ SR., MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE DOMINGUEZ were present at the SUBJECT STORM DRAIN yet still took the affirmative act of opening flood gates and permitting dangerous amoutns of water to enter the West Cucamonga Channel and ultimately, the SUBJECT STORM DRAIN.

28.    Once Defendants permitted dangerous amounts of water to enter West Cucamonga Channel and the SUBJECT STORM DRAIN, ten (10) people were swept away by the overwhelming water. ANTHONY RAY LOPEZ SR., MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE DOMINGUEZ were part of the ten (10) people who were swept away.

29.    As a result of Defendants actions in controlling the flood system, ANTHONY RAY LOPEZ SR., MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE DOMINGUEZ were swept away by dangerous amounts of water while in the SUBJECT STORM DRAIN and ultimately, drowned to death.

**COMPLAINT FOR DAMAGES**

### **FIRST CLAIM FOR RELIEF**

**State Created Danger -**

**Fourteenth Amendment Violation**

**(42 U.S.C. § 1983)**

**(By Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR., ESTATE OF MADELINE VELASQUEZ, and ESTATE OF JOSEPHINE GUADALUPE DOMINGUEZ as Against DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES, DOE STATE EMPLOYEES and DOES 1-10)**

30.    Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

31.    Under the state-created danger rule, state actors may be held liable under § 1983 where (1) "'affirmative conduct on the part of a state actor places a plaintiff in danger,'" and (2) the state actor "acts with 'deliberate indifference' to a 'known or obvious danger'" to the plaintiff's safety. *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023) (quoting *Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997); *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011)).

32.    Upon information and belief, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, affirmatively created or exposed LOPEZ SR., VELASQUEZ, and DOMINGUEZ, to the danger of death or serious bodily injury by deciding to open the flood gates which correspond to the SUBJECT STORM DRAIN in Zone 1 and/or West Cucamonga Channel.

33.    Upon information and belief, if Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, did not open the flood gates, Defendants affirmatively controlled the flood control sytem corresponding to the SUBJECT STORM DRAIN in such a manner which created the danger of serious bodily injury to LOPEZ SR., VELASQUEZ, and DOMINGUEZ.

34.     Upon information and belief, but for the conduct of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, LOPEZ SR., VELASQUEZ, and DOMINGUEZ would not have been subjected to the danger of death or serious bodily injury.

35.     Indeed, upon information and belief, without the affirmative conduct of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, LOPEZ SR., VELASQUEZ, and DOMINGUEZ would not have been swept away by the heavy rains and would not have died.

36.     Clearly, if Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, would not have opened the flood gates or operated the flood system which corresponds to the SUBJECT STORM DRAIN in Zone 1 and/or West Cucamonga Channel, LOPEZ SR., VELASQUEZ, and DOMINGUEZ would not have died.

37.     Given that Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, and the general community knew that individuals experiencing homelessness lived in the SUBJECT STORM DRAIN in Zone 1 and/or West Cucamonga Channel, it was foreseeable that opening the flood gates would expose LOPEZ SR., VELASQUEZ, and DOMINGUEZ, to the danger of death or serious bodily injury because heavy rains would violently sweep away anyone who was in the SUBJECT STORM DRAIN.

38.     Furthermore, upon information and belief, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and DOES 1-10, inclusive, were deliberately indifferent to the danger LOPEZ SR., VELASQUEZ, and DOMINGUEZ faced. In fact, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE

1   STATE EMPLOYEES and DOES 1-10, inclusive,  knew that people including LOPEZ

2   SR., VELASQUEZ, and DOMINGUEZ, were in the SUBJECT STORM DRAIN yet

3   proceeded to operate the flood control system in such a way which caused the death of

4   LOPEZ SR., VELASQUEZ, and DOMINGUEZ.

5        39.    As a direct and proximate result of Defendants' conduct, the civil rights

6   of LOPEZ SR., VELASQUEZ, and DOMINGUEZ, as protected by the Fourteenth

7   Amendment of the United States Constitution were violated and they lost their lives as

8   a result. Further, LOPEZ SR., VELASQUEZ, and DOMINGUEZ experienced physical

9   pain, severe emotional distress, and mental anguish, as well as loss of their life and

10   other damages alleged herein.

11        40.    As a direct and proximate result of Defendants' acts and/or omissions as

12   set forth above, Plaintiffs sustained injuries and damages.

13        41.    Defendants subjected Decedent to their wrongful conduct, depriving

14   Decedent of rights described herein, knowingly, maliciously, and with conscious and

15   reckless disregard for whether the rights and safety of Decedent and others would be

16   violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs

17   to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided

18   by law. Plaintiffs do not seek punitive damages against Defendants CITY, COUNTY

19   and STATE.

20        42.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

21   U.S.C. § 1988, and other applicable United States and California codes and laws.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**COMPLAINT FOR DAMAGES**

## SECOND CLAIM FOR RELIEF

**Interference with Parent/Child Relationship, Fourteenth Amendment Violation**

**(42 U.S.C. § 1983)**

**(By Plaintiffs LORINA LOPEZ, ANTHONY RAY LOPEZ JR., FRANCES VELASQUEZ, ALBERT VELASQUEZ, and LAURA BELTRAN, individually, as Against DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES, DOE STATE EMPLOYEES and DOES 1-10)**

43.     Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

44.     The aforementioned acts and/or omissions of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive, including in the operation of the flood system, in being deliberately indifferent to decedents LOPEZ SR., VELASQUEZ, and DOMINGUEZ's life, protection, and safety, violated decedent LOPEZ SR., VELASQUEZ, and DOMINGUEZ's constitutional rights.

45.     The aforementioned acts and/or omissions of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive, including their failure to take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful deaths of LOPEZ SR., VELASQUEZ, and DOMINGUEZ deprived Plaintiffs LORINA LOPEZ, ANTHONY RAY LOPEZ JR., FRANCES VELASQUEZ, ALBERT VELASQUEZ, and LAURA BELTRAN of their liberty interests in the familial relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

46.     All of the acts of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive and the persons involved were done under color of state law.

///

**COMPLAINT FOR DAMAGES**

47.    The acts and omissions of each Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive, deprived Plaintiffs LORINA LOPEZ, ANTHONY RAY LOPEZ JR., FRANCES VELASQUEZ, ALBERT VELASQUEZ, and LAURA BELTRAN, of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a familial relationship with decedents LOPEZ SR., VELASQUEZ, and DOMINGUEZ without due process of law by their deliberate indifference in causing the death of LOPEZ SR., VELASQUEZ, and DOMINGUEZ through Defendants operation of the flood control system corresponding to the SUBJECT STORM DRAIN.

48.    In aciting with deliberate indifference to the rights, safety, and wellbeing of decedents, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive, acted with a purpose to harm unrelated to any legitimate law enforcement objective when opened the flood gates on LOPEZ SR., VELASQUEZ, and DOMINGUEZ

49.    Accordingly, the conduct of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and DOES 1-10, inclusive, shocks the conscience and has destroyed his familial association of Plaintiffs and decedents.

50.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages and are entitled to damages under the Fourteenth amendment purusna to 42 U.S.C. § 1983.

51.    Furthermore, Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983

1  and as provided by law. Plaintiffs do not seek punitive damages against Defendants

2  CITY, COUNTY and STATE.

3      52.    Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42

4  U.S.C. § 1988, and other applicable United States and California codes and laws.

5  **THIRD CLAIM FOR RELIEF**

6  **Municipal Policies, Customs, Practices Causing Constitutional Violations**

7  **(*Monell* - 42 U.S.C. § 1983)**

8  **(By Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR., ESTATE OF**

9  **MADELINE VELASQUEZ, and ESTATE OF JOSEPHINE GUADALUPE**

10  **DOMINGUEZ as Against CITY, COUNTY, STATE and DOES 1-10)**

11      53.    Plaintiffs reallege and incorporate herein by reference each of the

12  preceding paragraphs of this complaint, and any subsequent paragraphs.

13      54.    The unconstitutional actions and/or omissions of Defendants DOE

14  ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE

15  STATE EMPLOYEES as well as other employees acting on behalf of the Defendants

16  CITY, COUNTY, STATE, on information and belief, were pursuant to the following

17  customs, policies, practices, and/or procedures of the Defendants CITY, COUNTY,

18  STATE, stated in the alternative, which were directed, encouraged, allowed, and/or

19  ratified by policymaking officers for the CITY, COUNTY, STATE:

20      a.    To permit decedents and members of the public to live and/or be

21          physically present in water channels own and/or operated by CITY,

22          COUNTY, STATE;

23      b.    To permit CITY, COUNTY, STATE employees such as Defendants DOE

24          ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES

25          and DOE STATE EMPLOYEES to manage flood control systems in such

26          a way to emperil decedents and members of the public;

27      c.    To permit CITY, COUNTY, STATE employees such as Defendants DOE

28          ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES

15
**COMPLAINT FOR DAMAGES**

and DOE STATE EMPLOYEES to open flood gates when individuals such as decedents and members of the public are in channels which are in the direct path of dangerous water; and

d.     Fail to properly regulate water levels in basins, storm drains and other water reservoirs which lead to water management issues when heavy rains occur.

55.     Defendants CITY, COUNTY, STATE, through their employees and agents, and through their policy-making supervisors, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, and other Defendants CITY, COUNTY, STATE personnel, with deliberate indifference to the constitutional rights of LOPEZ SR., VELASQUEZ, and DOMINGUEZ and others in similar positions, as described above, and therefore, those rights thereby violated.

56.     The unconstitutional actions and/or omissions of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES and other employees, as described above, were approved, tolerated, and/or ratified by policymaking officers for the CITY, COUNTY, STATE.

57.     Plaintiff are informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the CITY, COUNTY, STATE and that such policymakers have direct knowledge of the fact that the deaths of LOPEZ SR., VELASQUEZ, and DOMINGUEZ was the result of deliberate indifference to his rights to be protected and safe. Notwithstanding this knowledge, the authorized policymakers within the CITY, COUNTY, STATE have approved of the conduct and decisions of Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of LOPEZ SR., VELASQUEZ, and

DOMINGUEZ. By so doing, the authorized policymakers within the Defendants CITY, COUNTY, STATE have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that policy-making officers for Defendants CITY, COUNTY, STATE were and are aware of a pattern of misconduct and injury caused by the operation of basins, channels, and storm drains.

58.    The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants CITY, COUNTY, STATE were a moving force and/or a proximate cause of the deprivations of LOPEZ SR., VELASQUEZ, and DOMINGUEZ's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983. Defendants subjected decedent LOPEZ SR., VELASQUEZ, and DOMINGUEZ to their wrongful conduct, depriving decedent LOPEZ SR., VELASQUEZ, and DOMINGUEZ of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of LOPEZ SR., VELASQUEZ, and DOMINGUEZ, Plaintiff and others would be violated by their acts and/or omissions.

59.    As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY, COUNTY and STATE, as described above, LOPEZ SR., VELASQUEZ, and DOMINGUEZ suffered serious injuries and death, Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants CITY, COUNTY and STATE.

60.    As a direct and proximate result of Defendants' conduct, the civil rights of LOPEZ SR., VELASQUEZ, and DOMINGUEZ, as protected by the Fourteenth Amendment of the United States Constitution were violated and they lost their lives as a result. Further, LOPEZ SR., VELASQUEZ, and DOMINGUEZ experienced physical

pain, severe emotional distress, and mental anguish, as well as loss of their life and other damages alleged herein.

61. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

62. Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY, COUNTY and STATE.

63. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FOURTH CLAIM FOR RELIEF

### Negligence – Wrongful Death

### (By Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR., ESTATE OF MADELINE VELASQUEZ, and ESTATE OF JOSEPHINE GUADALUPE DOMINGUEZ as Against All Defendants)

64. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

65. The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, as public entities, Defendants CITY, COUNTY and CITY are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This claim for relief is not alleging direct liability against

Defendants CITY, COUNTY and CITY, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

66.     At all times, Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES, DOE STATE EMPLOYEES, and DOES 1-10 owed LOPEZ SR., VELASQUEZ, and DOMINGUEZ the duty to act with due care in the execution and enforcement of any right, law, or legal obligation, including the duty to properly operate the flood control system and maintenance of basins, storm drains and other water reservoirs.

67.     At all times, these Defendants owed LOPEZ SR., VELASQUEZ, and DOMINGUEZ the duty to act with reasonable care.

68.     These general duties of reasonable care and due care owed to LOPEZ SR., VELASQUEZ, and DOMINGUEZ by these Defendants include but are not limited to the following specific obligations:

     a.  To properly operate the flood control system;

     b.  To properly maintain basins, storm drains and other water reservoirs;

     c.  To prevent members of the public from entering water channels or other areas in direct path of water;

     d.  To refrain from opening flood gates when people are in the way of dangerous waters;

     e.  To refrain from unreasonably creating danger or increasing decedents' risk of harm;

     f.  To refrain from abusing their authority granted them by law; and

     g.  To refrain from violating Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

69.     Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES, DOE STATE EMPLOYEES, and DOES 1-10 through their acts and omissions, breached each and every one of the aforementioned duties owed to LOPEZ

1    SR., VELASQUEZ, and DOMINGUEZ.

2    70.    Defendants CITY, COUNTY, and STATE are vicariously liable for the

3    violations of state law and conduct of their officers, employees, and agents, including

4    individual named defendants, under California Government Code § 815.2.

5    71.    As a direct and proximate result of these Defendants' negligence, LOPEZ

6    SR., VELASQUEZ, and DOMINGUEZ sustained injuries and damages, and against

7    each and every Defendant named in this claim for relief in their individual capacities

8    are entitled to relief.

9                    **FIFTH CLAIM FOR RELIEF**

10              **Violation of California Civil Code §52.1**

11                      **(Tom Bane Act)**

12    **(By Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR., ESTATE OF**

13    **MADELINE VELASQUEZ, and ESTATE OF JOSEPHINE GUADALUPE**

14            **DOMINGUEZ as Against All Defendants)**

15    72.    Plaintiffs reallege and incorporate herein by reference each of the

16    preceding paragraphs of this complaint, and any subsequent paragraphs.

17    73.    Plaintiff brings the claims in this claim for relief as a survival claim

18    permissible under California law, including Cal. Code of Civ. Proc. § 377.20 *et. seq.*

19    74.    The present claim for relief is brought pursuant to California Civil Code

20    § 52.1, Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as

21    public employees, Defendants DOE ONTARIO EMPLOYEES, DOE SAN

22    BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES, inclusive, are liable

23    for injuries caused by their acts or omissions to the same extent as private persons.

24    Under § 815.2 of the Government Code, as public entities, Defendants CITY,

25    COUNTY and CITY are liable for injuries caused by the acts or omissions of their

26    employees committed within the course and scope of their employment. This claim for

27    relief is not alleging direct liability against Defendants CITY, COUNTY and CITY,

28    only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *Zelig v. County of Los*

*Angeles* (2002) 27 Cal.4th 1112, 1128.

75.  By their acts, omissions, customs, and policies, Defendants, each acting in concert/conspiracy, as described herein, while LOPEZ SR., VELASQUEZ, and DOMINGUEZ were in water channels, and by threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated LOPEZ SR., VELASQUEZ, and DOMINGUEZ's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

    a.  To be free from bodily harm pursuant to Cal. Civ. Code § 43;

    b.  The right to be free from governmental interference as secured by the Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

    c.  The right for the familial association to be free from government interference as secured by the Fourteenth Amendments to the United States Constitution; and

    d.  The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1.

76.  Defendants' violations of LOPEZ SR., VELASQUEZ, and DOMINGUEZ's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of LOPEZ SR., VELASQUEZ, and DOMINGUEZ's rights as described above, Defendants violated LOPEZ SR., VELASQUEZ, and DOMINGUEZ's rights by the following conduct constituting threat, intimidation, or coercion:

    a.  Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES to managed flood control systems in such a way to emperil decedents and members of the public;

    b.  CITY, COUNTY, STATE employees such as Defendants DOE

ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES to opened flood gates when individuals such as decedents and members of the public are in water channels which are in the direct path of dangerous water;

c. CITY, COUNTY, STATE employees such as Defendants DOE ONTARIO EMPLOYEES, DOE SAN BERNARDINO EMPLOYEES and DOE STATE EMPLOYEES to opened flood gates when individuals such as decedents and members of the public are in channels which are in the direct path of dangerous water; and

d. Failed to properly regulate water levels in basins, storm drains and other water reservoirs which lead to water management issues when heavy rains occur.

77. Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

78. Further, each Defendant violated LOPEZ SR., VELASQUEZ, and DOMINGUEZ's rights reckless disregard and with the specific intent and purpose to deprive them of their enjoyment of those rights and of the interests protected by those rights.

79. Defendant CITY, COUNTY and STATE are vicariously liable for the violations of state law and conduct of their officers, deputies, employees, and agents, including individual named defendants, under California Government Code § 815.2.

80. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of LOPEZ SR., VELASQUEZ, and DOMINGUEZ's rights under the Civil Code, United States and California Constitutions, LOPEZ SR., VELASQUEZ, and DOMINGUEZ sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and

52.1 and California law, not limited to a multiplier of damages including treble dmages, costs attorneys' fees, and civil penalties.

## REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.  Wrongful death of LOPEZ SR., VELASQUEZ, and DOMINGUEZ, pursuant to Cal. Code of Civ. Proc. § 377.*60 et. seq*.;

B.  Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq*.;

C.  LOPEZ SR., VELASQUEZ, and DOMINGUEZ's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*.;

D.  Violation of LOPEZ SR., VELASQUEZ, and DOMINGUEZ's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq*. and federal civil rights law;

E.  LOPEZ SR., VELASQUEZ, and DOMINGUEZ's loss of life, pursuant to federal civil rights law;

F.  LOPEZ SR., VELASQUEZ, and DOMINGUEZ's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.  General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.  Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.  Punitive damages as to individual employees;

J.  Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.  A multiplier of damages and penalties under the Tom Bane Act;

L.   Interest; and

M.   All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq*., 377.60 *et. seq*., and 1021.5; California Civil Code §§ 52 *et. seq*., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: November 9, 2023        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                               **A PROFESSIONAL LAW CORPORATION**


By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF ANTHONY RAY LOPEZ SR., et al.


## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR., by and through his successors in interest, LORINA LOPEZ and ANTHONY RAY LOPEZ JR., LORINA LOPEZ and ANTHONY RAY LOPEZ JR., individually; ESTATE OF MADELINE VELASQUEZ, by and through her successors in interest, FRANCES VELASQUEZ and ALBERT VELASQUEZ, FRANCES VELASQUEZ and ALBERT VELASQUEZ, individually; ESTATE OF JOSEPHINE GUADALUPE DOMINGUEZ, by and through her successor in interest, LAURA BELTRAN, LAURA BELTRAN, individually hereby make a demand for a jury trial in this action.

Dated: November 9, 2023        **LAW OFFICES OF CHRISTIAN CONTRERAS**
                               **A PROFESSIONAL LAW CORPORATION**


By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF ANTHONY RAY LOPEZ SR., et al.