Harvey W. Wimer, SBN 166326
hwimer@gravesandking.com
Bethany J. Ring, SBN 334482
bring@gravesandking.com
Deena O. Zaki, SBN 339971
dzaki@gravesandking.com
**GRAVES & KING LLP**
Attorneys at Law
2280 Market Street, Suite 320
Riverside, California 92501
**DIRECT ALL MAIL TO:**
Post Office Box 1270
Riverside, California 92502
Tel: (951) 680-0100
Attorneys for Defendant, COUNTY OF SAN BERNARDINO,
(erroneously sued as SAN BERNARDINO COUNTY)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ANTHONY RAY LOPEZ SR.; by and through his successors in interest, LORINA LOPEZ; and ANTHONY RAY LOPEZ JR, LORINA LOPEZ and ANTHONY RAY LOPEZ JR individually; ESTATE OF MADELINE VELASQUEZ, by and through her successors in interest, FRANCES VELASQUEZ and ALBERT VELASQUEZ, individually; ESTATE OF JOSEPHINE GUADALUPE DOMINQUEZ, by and through her successor in interest, LAURA BELTRAN, LAURA BELTRAN, individually, | Case No. 5:23-cv-2304-SSS-SP |
| | NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DEENA O. ZAKI [FRCP Rule 12(b)(6)] |
| | [(PROPOSED) ORDER FILED CONCURRENTLY HEREWITH] |
| Plaintiff(s), | Date:        January 19, 2024 |
| | Time:        2:00 p.m. |
| v. | Courtroom:  2, 2nd Floor |

CITY OF ONTARIO, a public entity;
SAN BERNARDINO COUNTY, a
public entity, STATE OF
CALIFORNIA; DOE ONTARIO
EMPLOYEES, individually; DOE
SAN BERNARDINO EMPLOYEES,
individually; DOE STATE
EMPLOYEES individually; and DOES
1-10, individually et al.,

        Defendants.

Complaint Filed: November 8, 2023
Assigned To: Hon. Sunshine S. Sykes

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**NOTICE IS HEREBY GIVEN** that on January 19, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 2nd Floor, of the above-entitled court located at Eastern Division – Riverside, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501, the Defendant COUNTY OF SAN BERNARDINO, ("COUNTY") will and hereby does move this Court, pursuant to *Federal Rule of Civil Procedure* 12(b)(6), for dismissal of the Third, Fourth, and Fifth Causes of Action of First Amended Complaint of Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR.; by and through his successors in interest, LORINA LOPEZ; and ANTHONY RAY LOPEZ JR, LORINA LOPEZ and ANTHONY RAY LOPEZ JR individually; ESTATE OF MADELINE VELASQUEZ, by and through her successors in interest, FRANCES VELASQUEZ and ALBERT VELASQUEZ, individually; ESTATE OF JOSEPHINE GUADALUPE DOMINQUEZ, by and through her successor in interest, LAURA BELTRAN, LAURA BELTRAN, individually. The COUNTY seeks dismissal on the grounds that the First Amended Complaint fails to state a claim against the COUNTY upon which relief may be granted.

/ / /

The Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Deena O. Zaki, the First Amended Complaint on file with the Court, additional matters of which the Court may take judicial notice, all Reply documents filed herein, and upon such argument as may be made at the hearing of the Motion.

This Motion is made following the conference of counsel pursuant to *Local Rule* 7-3 which took place on December 15, 2023, as discussed in further detail in the Declaration of Deena O. Zaki attached herein.

DATED: December 18, 2023

GRAVES & KING LLP
*Attorneys at Law*

/s/  *Harvey W. Wimer*

HARVEY W. WIMER III
Attorneys for the Defendant,
COUNTY OF SAN BERNARDINO

10820/PLEADINGS/COUNTY - Motion to Dismiss FAC/COUNTY - Motion to Dismiss FAC.docx

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

NOTICE OF MOTION…………………………………………………………ii

TABLE OF CONTENTS……………………………………...…………iv

TALE OF AUTHORITIES…………………………………….…………v

MEMORANDUM OF POINTS AND AUTHORITIES…………………………1

I.    INTRODUCTION ……………………………………..………..1

II.   LEGAL AUTHORITY…………………………….………………2

III.  PLAINTIFFS' THIRD CAUSE OF ACTION SHOULD
      BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO
      ALLEGE A SUFFICIENT 42 U.S.C. §1983 CLAIM AGAINST
      THE COUNTY ……………………………………………….3

IV.   PLAINTIFFS' FOURTH AND FIFTH CAUSES OF ACTION
      SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED
      TO ALLEGE A STATE CLAIM FOR WHICH RELIEF CAN BE
      GRANTED AS A MATTER OF LAW……………………………5

      A. Fourth Cause of Action: Negligence – Wrongful Death ………..…6

      B. Fifth Cause of Action: Violation of *Civil Code* § 52.1
         (Tom Bane Act) ……………………………………………9

V.    PLAINTIFFS' THIRD, FOURTH, AND FIFTH CAUSES OF
      ACTION SHOULD BE DISMISSED WITHOUT
      LEAVE TO AMEND…………………………………………11

VI.   CONCLUSION ……………………………………..……12

DECLARATION OF DEENA O. ZAKI…………………………...…………13

# **TABLE OF AUTHORITIES**

## **Cases**

*Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (1993) ........................................................................... 3

*Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015) ............................. 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .............................. 3, 6

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ................. 3

*DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) ............. 13

*Franklin v. Murphy*, 745 F.2d 1221, 1228 – 1229 (9th Cir. 1984) ...................... 3

*Gillette v. Delmore*, 979 F.2d 1342, 1346 – 1347 (9th Cir.1992) ................... 4, 5

*Keyes v. Santa Clara Water Dist.*,128 Cal.App.3d 882, 885 (1982) ............... 7, 11

*Longfellow v. County of San Luis Obispo*, 144 Cal.App.3d 379 (1983) .......... 9, 10

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ................................. 13

*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) .................. 4, 5

*Neitzke v. Williams*, 490 U.S. 319, 326 – 327 (1989) ................................... 3

*Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ................................. 14

*Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) ................ 12

*Slaven v. BP Am., Inc.*, 958 F.Supp. 1472, 1477 (C.D. Cal. 1997) .................... 6

*Susman v. Los Angeles*, 269 Cal.App.2d 808, 809 (1969) ........................... 7, 11

*Van Kempen v. Hayward Area Park, Etc. Dist*, 23 Cal.App.3d 822 (1972)..8, 9, 10

*Washington v. Lowe's HIW Inc.*, 75 F. Supp.3d 1240, 1245 (N.D. Cal. 2014) .... 14

*Zuniga v. Housing Authority*, 41 Cal.App.4th 82, 92 (1995) ........................... 6

## **Statutes**

42 U.S.C. § 1983 ................................................................... 2, 3, 4

Cal. Civ. Code § 52.1 ........................................................... 2, 5, 9, 10

Fed. R. Civ. P. 12(b)(6) ........................................................ 1, 2, 12

*Government Code* § 815(a) ........................................................... 5

*Government Code* § 815.2 ................................................. 6, 7, 8, 10

*Government Code* § 815.2(b) ...................................................................................9

*Government Code* § 835 ............................................................................................2

*Government Code* § 840 ...................................................................... 7, 8, 9

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This action filed by Plaintiffs ESTATE OF ANTHONY RAY LOPEZ SR.; by and through his successors in interest, LORINA LOPEZ; and ANTHONY RAY LOPEZ JR, LORINA LOPEZ and ANTHONY RAY LOPEZ JR individually; ESTATE OF MADELINE VELASQUEZ, by and through her successors in interest, FRANCES VELASQUEZ and ALBERT VELASQUEZ, individually; ESTATE OF JOSEPHINE GUADALUPE DOMINQUEZ, by and through her successor in interest, LAURA BELTRAN, LAURA BELTRAN, individually, ("Plaintiffs") against Defendant COUNTY OF SAN BERNARDINO (the "COUNTY") on November 8, 2023, should be dismissed because Plaintiffs' First Amended Complaint ("FAC") is fatally defective in failing to sufficiently plead any proper claim against the COUNTY upon which relief can be granted. The FAC fails to allege facts sufficient to support any cognizable legal theory and any plausible claims for relief, per *Federal Rule of Civil Procedure* 12(b).

When shorn of all embellishment, the allegations contained in Plaintiffs' FAC are relatively straightforward. Three individuals, ANTHONY RAY LOPEZ SR., MADELINE VELASQUEZ, and JOSEPHINE GUADALUPE DOMINQUEZ ("Decedents"), were living or otherwise present in a COUNTY flood control channel / storm drain located on the 200 block of East 4th Street ("SUBJECT STORM DRAIN"). See FAC, ¶22. On November 8, 2022, a storm of record-breaking proportions struck San Bernardino County. See FAC, ¶21. The flood control system, including the SUBJECT STORM DRAIN, collected, channelized, and conveyed the storm waters as it was designed and intended to do. See FAC, ¶¶9, 19. There are no allegations the system malfunctioned or failed to operate as intended. Unfortunately, the three individuals present in the SUBJECT STORM DRAIN perished during the storm. See FAC, ¶28.

Plaintiffs, through the liberal use of conclusory and bombastic allegations, attempt to convert their wrongful death and survivor claims (which appear to be based on a dangerous condition of public property (see *Government Code* § 835, et seq.)), into a series of alleged civil rights violations.  The Plaintiffs contend, without any factual support whatsoever, that the intentional and malicious actions of the COUNTY and unnamed COUNTY employees constituted violations of the Plaintiffs' constitutional rights.

Plaintiffs' FAC brings three (3) causes of action against the COUNTY:

- Third Cause of Action: Municipal Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983),

- Fourth Cause of Action: Negligence – Wrongful Death, and

- Fifth Cause of Action: Violation of *Civil Code* § 52.1 (Tom Bane Act).

As demonstrated herein, the allegations are insufficient to state a cause of action against the COUNTY.  As a result, Plaintiffs' FAC as to the COUNTY is subject to dismissal.

## II.

## LEGAL AUTHORITY

Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a claim on a motion by a party if the claim fails "to state a claim upon which relief can be granted."

> A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced. The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity.

*Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (1993).  As a matter of law, if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on an outlandish legal

theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 326 – 327 (1989) (citations omitted).

The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228 – 1229 (9th Cir. 1984).

III.

<u>PLAINTIFFS' THIRD CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE A SUFFICIENT 42 U.S.C. § 1983 CLAIM AGAINST THE COUNTY</u>

The Plaintiffs allege the Third Cause of Action, entitled "Municipal Policies, Customs, Practices Causing Constitutional Violations (*Monell*, 42 U.S.C. § 1983)," against the COUNTY. The Third Cause of Action fails to allege facts sufficient to support a section 1983 claim.

In *Monell*, the Supreme Court held that municipalities are "persons" subject to liability under section 1983. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). A plaintiff seeking to hold a municipality liable may do so by alleging one of the following: (1) that a municipal employee committed a constitutional violation pursuant to an expressly adopted official policy or a longstanding practice or custom; (2) that a municipal employee was an official with final policy-making authority; (3) that an official with final policy-making authority ratified a subordinate's unconstitutional act. *Gillette v. Delmore*, 979 F.2d 1342, 1346 – 1347 (9th Cir.1992) (citations and internal quotations omitted).

Here, Plaintiffs appear to base their *Monell* claim on the COUNTY's practices, customs, and/or ratification. In order to prevail on the *Monell* claim,

Plaintiffs must establish either of the following: (1) pre-existing custom or practice or (2) ratification.

First, to establish a pre-existing custom or practice, Plaintiffs must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette*, 979 F.2d at 1346 – 1347. The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. "A section 1983 plaintiff may attempt to prove the existence of a custom or informal policy with evidence of a repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." *Gillette*, 979 F.2d at 1349.

Alternatively, to establish ratification, Plaintiffs must show that an official with final policy making-authority ratified a subordinate's intentional act or omission that violated a constitutional right and the basis for the act or omission. *Gillette*, 979 F.2d at 1346 – 1347.

In an attempt to allege § 1983 liability, the FAC pleads legal conclusions that Plaintiffs' constitutional rights were violated by the COUNTY's ratified practices and customs, as follows:

a. To permit decedents and members of the public to live and/or be physically present in water channels owned and/or operated by the COUNTY;

b. To permit COUNTY employees to manage flood control systems in such a way to imperil decedents and members of the public;

c. To permit COUNTY employees to open flood gates when individuals such as decedents and members of the public are in channels which are in the direct path of dangerous water; and

d. Fail to properly regulate water levels in basins, storm drains and other water reservoirs which lead to water management issues when heavy rains occur.

See FAC, ¶54.

///

The FAC's generalized allegations are nothing more than mere labels and conclusions which fail to establish any pre-existing practices, customs or ratification by the COUNTY.  Furthermore, such allegations fail to raise a right to relief above the speculative level and are therefore insufficient to state a claim upon which relief can be granted.  See *Twombly*, 550 U.S. at 555.  As such, the Third Cause of Action should be dismissed.

IV.

## PLAINTIFFS' FOURTH AND FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE A STATE CLAIM FOR WHICH RELIEF CAN BE GRANTED AS A MATTER OF LAW

The Fourth and Fifth Causes of Action of the FAC consist of state law claims, including negligence/wrongful death and violation of *Civil Code* § 52.1 (the Tom Bane Act). It is well settled that in adjudicating state law claims brought before a federal court under supplemental jurisdiction or diversity jurisdiction, the court is bound to apply state substantive law, per *Slaven v. BP Am., Inc*., 958 F.Supp. 1472, 1477 (C.D. Cal. 1997).

Under California law, a public entity is not liable for an injury arising out of the alleged act or omission of the entity except as provided by statute.  See *Government Code* § 815(a).  "In short, sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." *Zuniga v. Housing Authority*, 41 Cal.App.4th 82, 92 (1995).

> In view of the fact that tort causes of action against public entities are now based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable.  Every fact essential to the existence of statutory liability must be pleaded.

*Susman v. Los Angeles*, 269 Cal.App.2d 808, 809 (1969).

/ / /

/ / /

/ / /

> Since all California tort liability flows from the California Tort Claims Act (§ 810 et seq.) (Citations) the plaintiff must plead facts sufficient to show his cause of action lies outside the breadth of applicable statutory immunity.

*Keyes v. Santa Clara Water Dist.*, 128 Cal.App.3d 882, 885 (1982).

When applying California substantive law to Plaintiffs' state law claims, no relief can be granted to Plaintiffs as to each of these claims against the COUNTY, as set forth below.

A.    Fourth Cause of Action: Negligence – Wrongful Death

The Plaintiffs allege the Fourth Cause of Action, entitled "Negligence – Wrongful Death," against both the COUNTY and unnamed COUNTY employees. The Plaintiffs further allege this cause of action against the COUNTY is based solely on vicarious liability pursuant to *Government Code* § 815.2. FAC, ¶65. The Fourth Cause of Action is defective because it fails to allege facts sufficient to support a state claim against a public entity.

At its core, Plaintiffs' Fourth Cause of Action contends the COUNTY's storm drain system was made dangerous because of certain acts or omissions of unnamed COUNTY employees. However, Plaintiffs' reliance on *Government Code* § 815.2 as a basis for their claim that the COUNTY is vicariously liable for its employees acts and/or omissions is misplaced.

This issue was directly addressed in *Van Kempen v. Hayward Area Park, Etc. Dist*, 23 Cal.App.3d 822 (1972). In *Van Kampen*, the minor plaintiff was injured when a large, heavy work bench at a District-owned park fell on him while he was playing on the bench. The work bench was constructed by District employees working at a construction site at the park. The plaintiffs alleged the District was vicariously liable for the employees' negligence under *Government Code* § 815.2. The *Van Kampen* court rejected plaintiffs' contention and found that a "simple reading" or the complaint left "no doubt that the basis of alleged liability was claimed maintenance of a dangerous condition of public property."

*Id.* at 824.  The *Van Kampen* court further addressed the plaintiffs' contentions that their theory of recovery is not a dangerous condition of public property, but a failure of the District's agents to take reasonable steps for the protection of children:

> [Plaintiffs'] substantive argument is predicated on *Government Code*, section 815.2, which imposes upon public entities vicarious liability for the tortious acts or omissions of their employees.  [Citation.]
>
> Their argument is misplaced, however, for the reason that public entity liability for property defects is not governed by the general rule of vicarious liability provided in section 815.2, but instead by the specific provisions set forth in sections 830-835.4. Also, public employees' liability for dangerous public property conditions resulting from the employees' acts or omissions is provided by the special rules and limitations contained in sections 840-840.6. [Citation.]
>
> Section 840 makes it explicit that except as provided in article 3 (§§ 840-840.6) a public employee is not liable for injury caused by a condition of public property where such condition exists because of any act or omission of such employee within the scope of his employment. The Law Revision Commission comment also emphasizes that the liability of a public employee for a condition of public property must be grounded upon article 3 and upon no other statute.  [Citation.]  Since the public entity's liability is a vicarious one, it cannot be held liable for an employee's act or omission where the employee himself would be or is immune (Gov. Code, § 815.2, subd. (b)).

*Id.* at 824 – 825 (internal citations omitted).  Thus, the *Van Kempen* court held that "it inescapably follows that the rules set forth above are applicable" where the facts of the case left no doubt that, without any attempt to phrase the theory of recovery differently, the accident complained of: (i) occurred on public property; (ii) was caused by an artificial condition; and (iii) that condition existed owing to the alleged omission of District's employees acting within the scope of their employment.  *Id.* at 825.

Furthermore, *Longfellow v. County of San Luis Obispo*, 144 Cal.App.3d 379 (1983) confirmed the *Van Kempen* holding that "public entity liability for property defects is not governed by the general rules of vicarious liability provided in section 815.2, but rather by the provisions of sections 830 to 835.4 of the *Government Code*." *Id.* at 383.  A public employee is not liable for injuries caused by a condition of public property where such condition exists because of any act or omission of such employee within the scope of his employment. *Government Code* § 840.  The *Longfellow* court found that this was specifically what the plaintiffs alleged in their cause of action pursuant to section 815.2:

> That is, that a dangerous condition of public property existed which should have been repaired by an employee of the County working within the scope of his employment and that, therefore, the County may be vicariously liable for the employee's failure to act.

*Longfellow*, 144 Cal.App.3d at 383.  The *Longfellow* court ruled that "since the employee is immune [pursuant to *Government Code* § 840], the public entity cannot be held liable for the acts of the employee and plaintiffs have no such cause of action." *Id.*

Parallel to *Van Kempen* and *Longfellow*, Plaintiffs' Fourth Cause of Action pleads the basis of alleged liability is COUNTY employees' operation and maintenance of an alleged dangerous condition of public property, i.e., the SUBJECT STORM DRAIN, including, but not limited to:

a. To properly operate the flood control system;
b. To properly maintain basins, storm drains and other water reservoirs;
c. To prevent members of the public from entering water channels or other areas in direct path of water;
d. To refrain from opening flood gates when people are in the way of dangerous waters;
e. To refrain from unreasonably creating danger or increasing decedents' risk of harm;

/ / /

f.  To refrain from abusing their authority granted them by law; and

g.  To refrain from violating Decedent's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

FAC, ¶68. The facts plead in the FAC leave no doubt that the subject incident before this Court occurred on public property; was caused by an artificial condition; and that the condition existed due to the alleged acts or omissions of COUNTY employees, as listed above, while acting within the scope of their employment.

Thus, as a matter of law, COUNTY employees are immune from liability for injury caused by a condition of public property where such condition exists because of any act or omission of such employee within the scope of their employment. See *Government Code* § 840. Since the COUNTY's alleged liability is vicarious, it cannot be held liable for its employees' acts or omissions where the employees themselves would be immune. See *Government Code* § 815.2(b). The allegations of the FAC establish that COUNTY employees are entitled to statutory immunity from Plaintiffs' state law claim for negligence/wrongful death, therefore, the Fourth Cause of Action should be dismissed.

Additionally, the FAC fails to plead with the factual particularity required to bring this state law claim against a public entity. Plaintiffs' allegations of COUNTY employees' acts or omissions amount to broad, generalized allegations that lack the requisite specificity to allege a proper cause of action against the COUNTY. See *Susman*, 269 Cal.App.2d at 809; *Keyes*, 128 Cal.App.3d at 885. As such, the Fourth Cause of Action is further subject to dismissal on this ground.

B.  Fifth Cause of Action: Violation of *Civil Code* § 52.1 (Tom Bane Act)

The Plaintiffs allege the Fifth Cause of Action entitled "Violation of California Civil Code §52.1 (Tom Bane Act)" against both the COUNTY and

unnamed COUNTY employees.  The Fifth Cause of Action is defective because it fails to allege facts sufficient to support a state claim against a public entity.

*Civil Code* § 52.1, also known as the Tom Bane Civil Rights Act, "civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'"  *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (citing § 52.1   Public entities can be vicariously liable for Tom Bane Act violations pursuant to *Government Code* § 815.2.

There are two distinct elements a plaintiff must show for a section 52.1 cause of action: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal.App.4th 41, 67 (2015).

Here, the FAC alleges Plaintiffs' rights were violated because unnamed COUNTY employees: (1) managed flood control systems in such a way to imperil decedents and members of the public; (2) opened flood gates when individuals such as decedents and members of the public are in water channels [and/or] in channels which are in the path of dangerous water; and (3) failed to properly regulate water levels in basins, storm drains and other water reservoirs which lead to water management issues when heavy rain occurs.  See FAC, ¶76.

The allegations of the FAC are completely devoid of facts establishing the COUNTY or its employees intentionally interfered or attempted to interfere with Plaintiffs' rights.  Nor does the FAC provide any specific factual allegations that establish interference or attempted interference was through means of threats, intimidation or coercion.  Rather, the factual allegations of the FAC show the SUBJECT STORM DRAIN was utilized for its intended purpose as a result of a record-breaking rainstorm.  See FAC, ¶21.  Such conduct fails to show intentional interference or attempted interference with Plaintiffs' constitutional or legal rights,

and fails rise to a level of threat, intimidation or coercion to sufficiently plead a cause of action under *Civil Code* § 52.1 against the COUNTY. For this reason, the Fifth Cause of Action should be dismissed.

V.

## PLAINTIFFS' THIRD, FOURTH, AND FIFTH CAUSES OF ACTION SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

When a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. See *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). Because the FAC cannot state a cognizable claim, there is no merit to the underlying action and so no reason for the Court to grant leave to amend. See *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, the Plaintiffs' FAC fails to plead facts sufficient to state any valid legal theory against the COUNTY. Plaintiffs improperly contend that the COUNTY's reasonable use of its flood control system during a storm constitutes a violation of their constitutional rights under the Fourteenth Amendment. This is simply illogical and contrary to the law. Further, the legal conclusions contained in the FAC are insufficient to state a claim against the COUNTY or its employees as a matter of state law.

Therefore, in this instance, no amendment could cure the deficiencies discussed above. See *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Washington v. Lowe's HIW Inc*., 75 F. Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). Accordingly, for the reasons stated above, granting Plaintiffs further leave to amend would be futile because amendment cannot cure the deficiencies of the allegations. The Third, Fourth, and Fifth Causes of Action of Plaintiffs' FAC against the COUNTY should be dismissed without leave to amend.

/ / /

VI.

<u>CONCLUSION</u>

Based upon the foregoing, Defendant COUNTY OF SAN BERNARDINO requests that the Court find the Third, Fourth, and Fifth Causes of Action of Plaintiffs' First Amended Complaint fail to sufficiently plead a cognizable claim or cognizable theory from which a claim for relief can be stated in accordance with *Federal Rules of Civil Procedure* 12(b)(6) against the COUNTY.

Based on these grounds, Defendant COUNTY OF SAN BERNARDINO requests that the Court dismiss the Third, Fourth, and Fifth Causes of Action with prejudice based upon the incurable deficiencies in the First Amended Complaint.

DATED: December 18, 2023

GRAVES & KING LLP
*Attorneys at Law*

/s/*Harvey W. Wimer*

HARVEY W. WIMER III
Attorneys for the Defendant,
COUNTY OF SAN BERNARDINO

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## <u>DECLARATION OF DEENA O. ZAKI</u>

I, Deena O. Zaki, declare and state as follows:

1.      I am an attorney duly licensed to practice law in the State of California and the United States of America – Central District Court of California.  I am a member of the firm of Graves & King LLP, attorneys of record for Defendant, COUNTY OF SAN BERNARDINO (the "COUNTY") in this case.  The following is based upon my personal knowledge, and if called upon to testify thereto, I could and would competently do so.

2.      On December 12, 2023, our office called Mr. Humberto M. Guizar's office, counsel for Plaintiffs, three separate times throughout the business day to telephonically discuss the substance of the COUNTY's contemplated Motion to Dismiss and any potential resolution of the issues that caused the COUNTY to consider filing the motion, pursuant to *Local Rule* 7-3.  Each time, our office was advised that Mr. Guizar was unavailable and a message was left to Mr. Guizar requesting to return our call(s).

3.      On December 12, 2023, our office called Mr. Christian Contreras' office, also counsel for Plaintiffs, two separate times throughout the business day to telephonically discuss the substance of the COUNTY's contemplated Motion to Dismiss and any potential resolution of the issues that caused the COUNTY to consider filing the motion, pursuant to *Local Rule* 7-3.  In our first attempt to call, our office was advised that Mr. Contreras was unavailable and a message was left to Mr. Contreras requesting to return our call.  In our second attempt to call, there was no answer.

4.      On December 12, 2023, our office e-mailed Mr. Guizar and Mr. Contreras, counsel for Plaintiffs, advising that our office intended to file a Motion to Dismiss on behalf of the COUNTY and we needed to meet and confer as required pursuant to *Local Rule* 7-3.

/ / /

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

5.     On December 12, 2023, Mr. Contreras, counsel for Plaintiffs, responded to our e-mail advising that he is available to meet and confer on the morning of Friday, December 15, 2023.

6.     On December 15, 2023, I participated in a telephone conversation with Mr. Contreras to discuss the issues we intended to raise in a Rule 12(b)(6) Motion.   During our December 15, 2023, conversation, I discussed with Mr. Contreras the deficiencies in the First Amended Complaint and the COUNTY's plan to file a Motion to Dismiss to the Third, Fourth, and Fifth Causes of Action of the First Amended Complaint.   I asked if Mr. Contreras would file a second amended complaint and he advised he would not file a second amended complaint. Mr. Contreras did not agree with the COUNTY's objections during our December 15, 2023 meet and confer conversation and believed the First Amended Complaint was sufficient.

7.     For the reasons stated above, Plaintiffs' counsel and I were unable to come to an agreement that would resolve the COUNTY's objections to the First Amended Complaint to be raised in the instant Motion to Dismiss.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on December 18, 2023, at Riverside, California.

_____/s/_____
DEENA O. ZAKI
Declarant

## **PROOF OF SERVICE**

**United States District Court Case No. 5:23-cv-2304-SSS-SP**

I the undersigned declare that:

I was at least 18 years of age and not a party to the case; I am employed in the County of Riverside, California, where the mailing occurs; and, my business address is 2280 Market Street, Suite 320, Riverside, California 92501.

On December 18, 2023, I served the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DEENA O. ZAKI [FRCP Rule 12(b)(6)]** via Electronic Mail Service By submitting an electronic version of the document to CM/ECF (Case Management/Electronic Case Files) system, through the user interface at https://pacer.uscourts.gov/.   The act of electronic filing is evidence that the party agrees to accept service at the electronic address the party has furnished to the court under Rule 2.256(a)(4).

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on December 18, 2023, in Riverside, California.

_____
/s/
Angelic Cummings

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT