```
 1                UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
 2                EASTERN DIVISION - RIVERSIDE

 3

 4    ESTATE OF ANTHONY RAY LOPEZ,  )
      SR., ET AL.,                  )
 5                                  )
                   Plaintiffs,      )
 6                                  )
             vs.                    )   Case No. 5:23-CV-02304-SSS-SP
 7                                  )
      CITY OF ONTARIO, ET AL.,      )
 8                                  )   Riverside, California
                                    )   July 19, 2024
 9                 Defendants.      )
                                    )
10    _____

11

12                            HEARING

13         BEFORE THE HONORABLE SUNSHINE S. SYKES
                UNITED STATES DISTRICT JUDGE
14

15
      APPEARANCES:            See Next Page
16
      COURT REPORTER:         Recorded, XTR
17
      COURTROOM DEPUTY:       Irene Vazquez
18
      TRANSCRIBER:            Dorothy Babykin
19                            Courthouse Services
                              1218 Valebrook Place
20                            Glendora, California  91740
                              (626) 963-0566
21

22

23

24    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
      TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
25
```

1   APPEARANCES:

2

3   FOR PLAINTIFF ESTATE OF ANTHONY RAY LOPEZ, SR., ET AL.:

4   LAW OFFICES OF CHRISTIAN CONTRERAS PLC
  BY: CHRISTIAN M. CONTRERAS
      ATTORNEY AT LAW
5   360 EAST 2ND STREET
  8TH FLOOR
6   LOS ANGELES, CALIFORNIA 90012

7

  FOR DEFENDANT BRENDON BRIGGS:
8

  GRAVES & KING, LLP
9   BY: DEENA ZAKI
      ATTORNEY AT LAW
10   2280 MARKET STREET
  SUITE 320
11   RIVERSIDE, CALIFORNIA 92501

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | **I N D E X** |
| 2 | 5:23-CV-02304-SSS-SP                              JULY 19, 2024 |
| 3 | PROCEEDINGS:  HEARING RE:   DEFENDANT BRENDON BRIGGS' |
| 4 | MOTION TO DISMISS THIRD AMENDED COMPLAINT |

| | |
|---|---|
| 1 | RIVERSIDE, CALIFORNIA; JULY 19, 2024 |
| 2 | THE CLERK: CALLING CASE NUMBER ED CV 23-2304, ESTATE OF |
| 3 | ANTHONY RAY LOPEZ, SR., ET AL. VERSUS CITY OF ONTARIO, ET AL. |
| 4 | AND IF I CAN PLEASE HAVE COUNSEL STATE THEIR NAME FOR |
| 5 | THE RECORD STARTING WITH PLAINTIFF'S COUNSEL. |
| 6 | MR. CONTRERAS: GOOD AFTERNOON, YOUR HONOR. |
| 7 | CHRISTIAN CONTRERAS ON BEHALF OF PLAINTIFFS. |
| 8 | MS. ZAKI: GOOD AFTERNOON, YOUR HONOR. |
| 9 | DEENA ZAKI FROM GRAVES & KING ON BEHALF OF DEFENDANT |
| 10 | BRENDON BRIGGS. |
| 11 | THE COURT: OKAY. GOOD AFTERNOON. |
| 12 | WE'RE HERE TODAY FOR A MOTION TO DISMISS THE THIRD |
| 13 | AMENDED COMPLAINT THAT WAS FILED ON BEHALF OF BRENDON BRIGGS. |
| 14 | I HAVE READ AND CONSIDERED ALL THE BRIEFING FOR THIS |
| 15 | MATTER. |
| 16 | I SET THIS HEARING ON CALENDAR TO GIVE PLAINTIFF AN |
| 17 | OPPORTUNITY TO PROVIDE FURTHER ARGUMENT IN REGARDS TO WHY |
| 18 | THIS COURT SHOULD GIVE ANY FURTHER LEAVE TO AMEND. |
| 19 | YOU KNOW, LOOKING AT THIS CASE, THIS IS I BELIEVE THE |
| 20 | SECOND -- THIS IS THE THIRD AMENDED COMPLAINT. |
| 21 | THIS COURT HAS PREVIOUSLY DISMISSED WITH PREJUDICE THE |
| 22 | CITY AND COUNTY OUT OF THIS ACTION. AND THERE WAS A PRIOR |
| 23 | DISMISSAL WITH LEAVE TO AMEND OF THE CLAIMS AGAINST THIS |
| 24 | INDIVIDUAL MR. BRIGGS. |
| 25 | AND PLAINTIFF NOW HAS HAD THE OPPORTUNITY TO TRY TO |

1  CURE THE FAULT OF THE -- OF THE FACT THAT A LACK OF EVIDENCE TO
2  SUPPORT THOSE CAUSES OF ACTION. AND DEFENDANT NOW HAS MOVED
3  AGAIN TO DISMISS SAYING THAT PLAINTIFF'S ALLEGATIONS AS AMENDED
4  ARE STILL INSUFFICIENT TO STATE A CAUSE OF ACTION AGAINST HIM.
5  　　　　SO, I'D LIKE TO HEAR FROM YOU IN REGARD TO EACH OF THE --
6  THE FIRST AND SECOND CAUSE OF ACTION, SPECIFICALLY WITH HOW YOU
7  FEEL YOU'VE CURED THAT. AND IF THIS COURT DISAGREES, WHICH I CAN
8  TELL YOU THAT I DO, WHY THIS COURT SHOULD GIVE YOU ANOTHER
9  OPPORTUNITY TO AMEND.
10 　　　　MR. CONTRERAS: YOUR HONOR, THANK YOU FOR THE
11 OPPORTUNITY TO ADDRESS THESE ISSUES IN PERSON AT THIS HEARING
12 RATHER VIA ZOOM.
13 　　　　NOW, I BELIEVE THE CRUX OF THE ANALYSIS IS DELIBERATE
14 INDIFFERENCE.
15 　　　　I KNOW THE COURT IN THE LAST ORDER IN GRANTING THE
16 MOTION TO DISMISS HAD EXTENSIVE DISCUSSION ON DELIBERATE
17 INDIFFERENCE.
18 　　　　AND HERE THE COMPLAINT, THE THIRD AMENDED COMPLAINT,
19 THE ALLEGATIONS THAT ALLEGE DELIBERATE INDIFFERENCE ARE BASED
20 UPON WHAT THE DEFENDANT KNEW.
21 　　　　WE -- WHAT WE KNOW AND WHAT IS UNDISPUTED WAS THAT AT
22 ALL RELEVANT TIMES HE WAS A CHIEF FLOOD ENGINEER OF THE -- OF THE
23 FLOOD DIVISION.
24 　　　　THIS IS IN THE COUNTY OF SAN BERNARDINO WHICH OVERSEES
25 MANY OF THE FLOOD CHANNELS.

1    AND ONE OF THE PRIMARY PURPOSES OF THIS DIVISION IS TO
2    ADDRESS FLOODING, TO ADDRESS THIS OVERFLOW OF WATER.
3            SO, WHAT WE HAVE IN THIS CASE IS THIS INDIVIDUAL, WHO IS
4    THE CHIEF OF THIS AGENCY, THIS INDIVIDUAL WHO OVERSEES ALL OF
5    THESE WATERWAYS, AND THIS INDIVIDUAL WHO HAS A WEALTH OF
6    KNOWLEDGE -- AND I BELIEVE HE'S NOW RETIRED BECAUSE HE SERVED
7    FOR SO LONG -- KNOWING ALL OF THIS INFORMATION JUXTAPOSED WITH
8    THE SECOND DAY OF TORRENTIAL RAINS.  THIS IS BACK IN NOVEMBER OF
9    2022 WHEN WE HAD THESE STORMS.  IT WAS THE SECOND DAY OF THESE
10   RAINY DAYS THAT WE HAD HERE IN SOUTHERN CALIFORNIA.  AND IT WAS
11   RECORD-BREAKING, RIGHT.
12           SO, WE HAVE THESE RECORD-BREAKING RAINS.  WE HAVE THE
13   CHIEF FLOOD ENGINEER.  AND ALSO WHAT WE HAVE IS ADVANCE
14   KNOWLEDGE OF INDIVIDUALS EXPERIENCING HOMELESSNESS, THESE
15   HOUSELESS INDIVIDUALS LIVING IN THESE WATERWAYS, LIVING IN THESE
16   DIFFERENT AQUEDUCTS THROUGHOUT THE COUNTY BECAUSE  --
17           AND I REPRESENT TO THE COURT I ACTUALLY DUG THROUGH
18   ALL OF THE ARCHIVES OF THE MINUTES OF COUNTY OF SAN BERNARDINO.
19           AND I WAS ABLE TO FIND THAT THERE WERE CLEAN-UPS THAT
20   WERE BEING DONE MONTHS BEFORE, AT LEAST SIX MONTHS BEFORE THE
21   DAY IN QUESTION IN APRIL OF 2022 WHERE THE COUNTY KNEW THAT
22   INDIVIDUALS WERE LIVING IN THESE WATERWAYS.  INDIVIDUALS WHO ARE
23   EXPERIENCING HOUSELESSNESS WERE LIVING IN THESE DIFFERENT
24   TYPES OF AQUEDUCTS.
25           SO, WITH ALL OF THIS INFORMATION LEADING UP TO THE DAY IN

1    QUESTION, THE DEFENDANT IN THIS CASE KNEW OF THE RISKS, KNEW OF
2    THE REASONABLE RISKS OF NAVIGATING THE WATERWAYS, NAVIGATING
3    AND OPENING FLOOD GATES IN SUCH A WAY WHERE IT WOULD SWEEP
4    AWAY THE INDIVIDUALS WHO WERE LIVING HERE.
5             AND HE ESSENTIALLY KNEW THIS WAS GOING TO HAPPEN, KNEW
6    THAT THE DIFFERENT FLOOD CHANNELS WERE OPEN.  THE DIFFERENT
7    WATERWAYS WERE OPENED IN SUCH A WAY TO KEEP AWAY THESE
8    INDIVIDUALS, THAT IT WOULD LEAD TO DEATH OR SERIOUS BODILY
9    INJURY.  AND THAT IS EXACTLY WHAT HAPPENED.
10            AND IT WASN'T ONLY THESE THREE INDIVIDUALS WHO DIED OR,
11   RATHER, WHO WERE AFFECTED.  THERE WERE TEN PEOPLE WHO WERE
12   SWEPT AWAY.  AND OF THE TEN PEOPLE, THESE THREE INDIVIDUALS
13   PASSED AWAY BASED UPON HOW THE WATER SWEPT THEM VIOLENTLY.
14            SO, FOR THAT REASON, YOUR HONOR, WE THINK THAT THERE IS
15   SUFFICIENT DELIBERATE INDIFFERENCE.  AT THIS STAGE OF THE MOTION
16   TO DISMISS STAGE, THE COURT RESOLVED ANY REASONABLE
17   INFERENCES RESPECTFULLY IN THE NON-MOVING – NON-MOVING PARTY'S
18   FAVOR IN PLAINTIFFS' FAVOR.
19            AND THERE IS AT LEAST A REASONABLE INFERENCE HERE THAT
20   THE DEFENDANT IN THIS CASE KNEW THAT HIS ACTIONS, KNEW THAT THE
21   OPENING OF THE FLOOD GATES, AND KNEW THAT ALLOWING THIS WATER
22   TO SWEEP AWAY THESE INDIVIDUALS WOULD CAUSE DEATH OR SERIOUS
23   BODILY INJURY.  BASED UPON EVERYTHING THAT HE KNEW, AND
24   ESPECIALLY BECAUSE HE WAS THE CHIEF OF THIS DIVISION.
25            SO THAT IS THE CONDUCT, THE AFFIRMATIVE CONDUCT BASED

1  UPON THE STATE CREATED DANGER AND THEN THE DELIBERATE
2  INDIFFERENCE IN TERMS OF IGNORING THE OBVIOUS RISK OR OBVIOUS
3  RESULT OF PEOPLE DYING BASED UPON THE OPERATION OF THESE
4  WATERWAYS.
5         SO, IN THE LAST AMENDED COMPLAINT, THE THIRD AMENDED
6  COMPLAINT, I ADDED ADDITIONAL ALLEGATIONS IN PARAGRAPHS 38, 39
7  AND 40, 41 AND 42 WHICH DISCUSSED EXACTLY THE KNOWLEDGE THAT
8  DEFENDANT BRIGGS HAD.
9         THE KNOWLEDGE THAT HE HAD LEADING UP TO NOVEMBER 8TH
10  CONCERNING HOW HE SHOULD HAVE APPRECIATED THE RISK AND HOW
11  HE DISREGARDED THE RISK.
12         SO, THOSE ALLEGATIONS, YOUR HONOR, I BELIEVE ADD AND
13  ESTABLISH – PLAUSIBLY ESTABLISH THAT DEFENDANT BRIGGS ACTED
14  WITH DELIBERATE INDIFFERENCE WHEN HE PERMITTED THE FLOOD
15  CHANNELS TO BE OPERATED IN SUCH A WAY WHERE PEOPLE DIED.
16         THE COURT:  OKAY.
17         ON BEHALF OF DEFENDANT.
18         MS. ZAKI:  GOOD AFTERNOON, YOUR HONOR.
19         DEENA ZAKI ON BEHALF OF DEFENDANT.
20         I STATED IN OUR MOTION WE BELIEVE THE ADDITIONAL
21  ALLEGATIONS OF THE THIRD AMENDED COMPLAINT DO NOT ESTABLISH
22  DELIBERATE INDIFFERENCE.
23         DELIBERATE INDIFFERENCE REQUIRES THAT THE DEFENDANT
24  KNOWS SOMETHING IS GOING TO HAPPEN AND IGNORES THE RISK AND
25  EXPOSES IT ANYWAY.

1           HERE THE ADDITIONAL ALLEGATIONS REALLY JUST SHOW THAT
2    DEFENDANT BRIGGS WAS IN THE ROLE OF A SUPERVISOR ENGINEERING
3    ROLE WITH THE COUNTY.  HE RESPONDED ACCORDINGLY TO A RECORD-
4    BREAKING STORM BY OPERATING THE FLOOD CONTROL SYSTEMS.
5           AND I  -- WHAT'S STATED IN YOUR PRIOR ORDERS, THE
6    ALLEGATIONS ESTABLISH, IF ANYTHING, THAT HE HAD GENERAL
7    KNOWLEDGE THAT PEOPLE WERE LIVING IN THE STORM DRAIN WHICH IS I
8    BELIEVE AS PLED 277 MILES, AT TIMES PRIOR TO THE SUBJECT INCIDENT.
9           NONE OF THE ALLEGATIONS ESTABLISHED DELIBERATE
10   INDIFFERENCE THAT HE KNEW THESE  -- THAT DECEDENTS WERE IN THE
11   EXACT SUBJECT' STORM  DRAINS AT THE TIME OF THE INCIDENT AND
12   OPENED THE STORM DRAINS KNOWING THAT THE WATER WAS GOING TO
13   FLOOD THEM AND ULTIMATELY CAUSE THEIR UNFORTUNATE DEATH.
14          THESE ARE ALL JUST GENERALIZED ALLEGATIONS.  THEY DON'T
15   ESTABLISH ANY CULPABLE MENTAL STATE,  ANY EXACT CONDUCT THAT
16   BRIGGS KNEW WHAT HE WAS DOING WAS GOING TO RESULT IN THE
17   DEATH OF DECEDENTS.
18          AND WE DON'T BELIEVE THAT ANY OF THE ADDITIONAL
19   ALLEGATIONS ARE ABLE TO PROVE ANY DELIBERATE INDIFFERENCE ON
20   HIS BEHALF.
21          THE COURT:  OKAY.
22          ANYTHING FURTHER ON BEHALF OF PLAINTIFF?
23          MR. CONTRERAS:  YES, YOUR HONOR.
24          THE --
25          THE COURT:  I MEAN, IT WOULD – JUST  -- JUST TO GIVE YOU AN

1   IDEA OF WHERE I'M GOING.

2   IT WOULD BE ONE THING IF, YOU KNOW, MR. BRIGGS WAS GIVEN
3   A CALL SAYING, YOU KNOW, MR. BRIGGS, THERE'S, YOU KNOW, 20 PEOPLE
4   IN THE STORM DRAIN DOWN BY, YOU KNOW, THE FREEWAY.  JUST SO YOU
5   KNOW THAT.

6   AND, THEN, RIGHT AFTER HE -- HE SAYS, WELL, OKAY.  AND THEN
7   HE OPENED UP THE SAME STORM DRAINS AND DOES NOTHING TO - -TO
8   ACCOUNT FOR THOSE INDIVIDUALS THAT HE KNOWS ARE IN THE STORM
9   DRAIN.

10  I THINK THAT WOULD BE A DIFFERENT POSITION YOU AND YOUR
11  CASE WOULD BE IN  -- IF THAT'S, IN FACT, WHAT HAPPENED.

12  BUT COUNSEL FOR DEFENDANT BRINGS UP A GOOD ARGUMENT.

13  AND THIS IS WHERE YOU LACK SUFFICIENT FACTS THE LAST
14  TIME YOU WERE GIVEN LEAVE TO AMEND IS THAT, YOU KNOW, A GENERAL
15  KNOWLEDGE THAT PEOPLE ARE PERHAPS IN THE STORM DRAIN THAT'S
16  200 AND SOMETHING MILES IS  -- I CAN'T SEE HOW THAT IS DELIBERATE
17  INDIFFERENCE IF YOU'RE FACED WITH ONCE IN A  -- YOU KNOW, A
18  HANDFUL OF YEARS' EVENT THAT THESE TORRENTIAL RAINS -- AND
19  YOU'RE HAVING TO FIGURE OUT HOW TO MAKE SURE THAT THE AREAS
20  DON'T FLOOD.

21  AND THAT SEEMS TO BE WHAT -- WHAT HAPPENED IN THIS CASE.

22  IT WAS AN UNUSUAL EVENT.   IT HAPPENED.  THERE WAS --- IT
23  WAS TORRENTIAL RAINS.   AND THEN THIS UNFORTUNATELY OCCURRED.
24  AND PEOPLE ENDED UP PASSING.

25  BUT TO SAY THAT ANYONE OR MR. BRIGGS IN THIS INSTANCE

| | |
|---|---|
| 1 | WAS DELIBERATELY INDIFFERENT, I THINK YOU NEED MORE THAN JUST |
| 2 | GENERALIZED KNOWLEDGE THAT INDIVIDUALS MAY BE IN STORM DRAINS. |
| 3 | THERE HAS TO BE SOMETHING THAT HE ACTUALLY KNEW AND |
| 4 | THEN DIDN'T CARE AND OPENED UP THE WATER ANYWAY. |
| 5 | SO -- |
| 6 | MR. CONTRERAS: SO, I UNDERSTAND THE COURT'S POSITION. |
| 7 | OF COURSE, I HAVE TO RESPECT MY RULE 11 OBLIGATIONS. I |
| 8 | THINK IT'S A LITTLE BIT EARLY WITH RESPECT TO EXACTLY DETERMINING |
| 9 | THE EXACT CONDUCT. |
| 10 | I THINK HERE AT THIS STAGE RESPECTFULLY IT'S ABOUT |
| 11 | WHETHER JUST THERE ARE SUFFICIENT FACTS TO ESTABLISH A CLAIM, A |
| 12 | PLAUSIBLE CLAIM. |
| 13 | AND I UNDERSTAND THE COURT'S POSITION. |
| 14 | BUT WE BELIEVE THAT THERE IS SUFFICIENT FACTS TO |
| 15 | ESTABLISH DELIBERATE INDIFFERENCE GIVEN THAT THERE WAS THIS |
| 16 | KNOWLEDGE THAT IN THE COUNTY AND ESPECIALLY THROUGHOUT THE |
| 17 | HIGHER-UPS THAT INDIVIDUALS IN THIS SPECIFIC AREA LIVE IN THE |
| 18 | AQUEDUCTS. IT'S NOT -- IT'S NOT AS IF THEY LIVE THROUGHOUT THE |
| 19 | WHOLE 200-SOMETHING MILES. IT WAS ESTABLISHED THAT IT WAS IN |
| 20 | SPECIFIC AREAS. |
| 21 | AND GIVEN THAT THERE ARE DIFFERENT ASPECTS OF THE |
| 22 | WATERWAYS, AND THERE'S DIFFERENT WAYS TO CONTROL HOW THE |
| 23 | WATER MOVES THROUGHOUT THE DIFFERENT ASPECTS OF THE FLOOD |
| 24 | CHANNEL. |
| 25 | SO, FOR THOSE REASONS, YOUR HONOR, I DO BELIEVE |

1     DELIBERATE INDIFFERENCE HAS BEEN ESTABLISHED -- PLAUSIBLY

2     ESTABLISHED AT THIS STAGE.

3              THE COURT: OKAY. OKAY. THANK YOU.

4              WELL, I APPRECIATE THE ARGUMENT -- THE ADDITIONAL

5     ARGUMENT THAT HAS BEEN GIVEN HERE TODAY BY BOTH COUNSEL.

6              I AM GOING TO, HOWEVER -- I AM GOING TO GRANT THE

7     MOTION. AND FOR THE SAME REASONS I'VE ALREADY ARTICULATED ON

8     THE RECORD, AND FOR THE SAME REASONS THAT I EXPRESSED IN THE

9     PRIOR ORDER IS THAT I DON'T BELIEVE THAT PLAINTIFF HAS

10    SUFFICIENTLY ALLEGED FACTS THAT WOULD SUPPORT A PLAUSIBLE

11    CLAIM OF DELIBERATE INDIFFERENCE.

12             AND FOR THOSE REASONS I DON'T BELIEVE THAT GIVING

13    PLAINTIFF ADDITIONAL OPPORTUNITY TO ALLEGE ADDITIONAL FACTS

14    WOULD RESULT IN A DIFFERENT RESULT.

15             SO, THEREFORE I AM GOING TO DISMISS -- GRANT THE MOTION

16    AND DISMISS WITHOUT LEAVE TO AMEND.

17             AND THAT WILL BE THE FINAL ORDER OF THE COURT.

18             IN REGARDS TO THIS MATTER, THEN, ANYTHING FURTHER ON

19    BEHALF OF PLAINTIFF?

20             MR CONTRERAS: NO, YOUR HONOR.

21             THANK YOU.

22             THE COURT: ON BEHALF OF DEFENDANT?

23             MS. ZAKI: NO, YOUR HONOR.

24             THANK YOU.

25             THE COURT: SO, THAT DISMISSAL THEN WILL BE WITH

1 | PREJUDICE.
2 | OKAY.  THANK YOU.
3 | HAVE A GOOD DAY.
4 | MR. CONTRERAS:  HAVE A GOOD DAY.
5 | MR. ZAKI:  THANK YOU, YOUR HONOR.
6 | HAVE A GOOD DAY.
7 | THE CLERK:  COURT IS ADJOURNED.
8 | (PROCEEDINGS CONCLUDED.)
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |

TRANSCRIBER'S CERTIFICATE

DISCLAIMER

THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY AFFECTED

DUE TO MUFFLED AND UNCLEAR AUDIO TRANSMISSION.

I, Dorothy Babykin, attest that the foregoing proceedings provided to me electronically were transcribed by me to the best of my ability.

／s／ *Dorothy Babykin*

Dorothy Babykin

Date:   11/11/2024